UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>LEADEXCEL, INC., et al.,<br><br>　　　　　　　　Defendants. | Case No.: 18CV2845-LAB (JLB)<br><br>**ORDER DIRECTING CLERK<br>NOT TO ENTER DEFAULT** |

Plaintiff Anton Ewing has sued LeadExcel, Inc., a Pennsylvania corporation. His first attempt at service on LeadExcel failed. (Docket no. 9.) According to information provided by the process server, LeadExcel's president does not live at the address where the server went, and the current resident had never heard of him. Ewing then attempted service at a different address, and the unnamed resident there apparently accepted it. (Docket no. 12.)

Ewing has now filed an application for entry of default, which the Court construes as a request for entry of default by the Clerk. Under Fed. R. Civ. P. 55(a), "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, *and that failure is shown by affidavit or otherwise*, the clerk must enter the party's default." (emphasis added).

/ / /

1

18CV2845-LAB (JLB)

1  Neither of the proofs of service nor Ewing's application for entry of default show that LeadExcel was properly served. Nothing in anything Ewing has filed or submitted for filing shows why the second address where he attempted service was the proper address for service, or the identity of the man who accepted the papers. The Clerk is directed not to enter default against LeadExcel at this time.

The Court has some concerns that Ewing's claims may be duplicative, and that Defendants may be protected by Ron Taylor's and LeadExcel's pending bankruptcy proceedings, and will address those in a separate motion. In the meantime, Ewing is **ORDERED** forthwith to review the docket of the case he cited in the complaint, 18cv5750-WHA, *Abante Rooter and Plumbing, Inc. v. LeadExcel, Inc.* (N.D. Cal., filed September 19, 2018). (*See* Complaint, Docket no. 1, ¶ 5.) In particular, he must look at docket entries 23 through 29, which pertain to the automatic stay in bankruptcy, and the partial stay entered by Judge Alsup. He must also review Taylor's motion for leave to file a late answer, which this Court has accepted by discrepancy order. That motion attaches Taylor's notice of automatic stay.

**IT IS SO ORDERED**.

Dated: March 14, 2019

*Larry A. Burns*
Hon. Larry Alan Burns
Chief United States District Judge