# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING,<br><br>                     Plaintiff,<br><br>v.<br><br>LEADEXCEL, INC., et al.,<br><br>                     Defendants. | Case No.: 18CV2845-LAB (JLB)<br><br>**ORDER STAYING CASE** |

Documents filed both by Plaintiff Anton Ewing and Defendant Ron Taylor showed that Taylor is currently in bankruptcy proceedings. The debtor is designated as Ronnell Taylor, Jr., *aka* Ron Taylor, Jr., "*dba* Leadexcel Inc." [*sic*]. The Court ordered Ewing to show cause why the entire case should not be stayed. In case 18cv5750-WHA, *Abante Rooter and Plumbing, Inc. v. LeadExcel, Inc.* (N.D. Cal., filed September 19, 2018).

Ewing has filed a response, agreeing that the case should be stayed as to Taylor, but arguing that the case should go forward as to LeadExcel. In *Abante Rooter*, a class action involving what Ewing has identified as the same claims he is bringing here, Judge Alsup stayed the case as to Taylor but not as to LeadExcel. That ruling of course is not binding on this Court, which must independently decide whether a stay is appropriate.

1

The Court has the inherent power to manage its docket, which includes the power to stay proceedings. *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 806 (N.D. Cal. 1998) (citing *Landis v. Am. Water Works & Elec. Co.*, 299 U.S. 248, 254–55 (1936)). The Court considers both judicial economy and potential prejudice to the parties when deciding whether to exercise this power. *See Single Chip Systems Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1057 (S.D. Cal., 2007).

A review of the docket in *Abante Rooter* shows that LeadExcel is not responding. The plaintiff, who is represented by counsel, believed LeadExcel was not directly involved in the bankruptcy, but nevertheless asked the court to stay the proceedings. The plaintiff reasoned that because Taylor is LeadExcel's President and CEO, litigating the case would be difficult and could expose the plaintiff to liability if it sought discovery from Taylor. Judge Alsup denied the stay, but at this point it is unclear whether LeadExcel can proceed in that case.

If this case were to go forward against LeadExcel now, it is unclear whether LeadExcel could or would respond. Ewing's response shows that he believes LeadExcel is not in a position to litigate the issues at this time. He argues this is a reason *not* to stay the case, apparently because it would give him a procedural advantage and allow him to obtain a default judgment. But that would be contrary to the strong policy in favor of entering judgments on the merits rather than by default. *See Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

Although the issue has not been addressed either in *Abante Rooter* or by Ewing, Taylor claims 100% ownership in LeadExcel, and it is part of the bankruptcy estate. Allowing Ewing to litigate against this asset also has the potential to interfere with bankruptcy proceedings, and to lead to unnecessary expense in that case. Bearing in mind that the same claims being litigated here are also being litigated in *Abante Rooter*, and that Ewing is a member of the putative class in that case, there does not appear to be any great danger of prejudice to Ewing. In fact,

because he is proceeding *pro se*, he is in even greater danger than the attorneys in *Abante Rooter* of violating the automatic stay and exposing himself to liability should this case go forward against LeadExcel.

The Court concludes that the interest in judicial economy and the possibility of prejudice to the parties favor a stay. The Court need not decide whether the automatic stay applies to LeadExcel as well as to Taylor, because a stay is appropriate in any event.

This case is **STAYED** pending the outcome of Taylor's (and possibly LeadExcel's) bankruptcy proceedings. Ewing is **ORDERED** to monitor the docket in the bankruptcy case, number 18-24841, now pending in the Western District of Pennsylvania, and to file a notice notifying the Court within **60 days of the date that case concludes**.

**IT IS SO ORDERED**.

Dated: March 26, 2019

Hon. Larry Alan Burns
Chief United States District Judge