1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11

ANTON EWING,

Case No.: 18CV2845-LAB (JLB)

12

Plaintiff,

**ORDER IMPOSING SANCTIONS**

13

v.

14

LEADEXCEL, INC., et al.,

15

Defendants.

16
17

On December 10, 2019, the Court issued an order staying the case in its

18 entirety pending the outcome of Defendant Ron Taylor's bankruptcy proceedings.

19 Ewing was ordered to monitor the docket of those proceedings and to file a notice

20 within 60 days of the date the bankruptcy proceedings concluded.

21

On February 7, Plaintiff Anton Ewing filed an *ex parte* motion or request for

22 judicial notice, in which he asked the Court to take notice of a criminal indictment

23 against Taylor. Because the indictment accused Taylor of crimes involving cell

24 phones, Ewing argued that was relevant to his liability in this case.

25

The Court struck Ewing's improper request and ordered him to show cause

26 why he should not be sanctioned both for violating the Court's stay order, and

27 under Fed. R. Civ. P. 11(b)(1) for filing his *ex parte* request for an improper

28 purpose, namely to harass and impose costs on Taylor by requiring him to respond

1  in haste to an embarrassing filing.  Ewing filed a response which did not address

2  either of these concerns. Furthermore, his response perpetuated the violations, by

3  attempting to advance his case against Taylor. Specifically, the response argued

4  that Ewing's claim was more plausible in light of the indictment, and that it

5  supported Ewing's claims for treble damages. The Court struck this response and

6  ordered Ewing to file a response that complied with its order. He has now filed his

7  second response. (Docket no. 57.)

8      Ewing's Response focuses on the standard for judicial notice, and insists

9  that because Fed. R. Evid. 201 authorizes a party to seek judicial notice, he was

10  justified in doing so here. He also argues that a non-noticed[1] request for judicial

11  notice does not amount to an *ex parte* request. Even if this were true, the

12  terminology does not change the nature of what Ewing did. He argues he did not

13  file his request for an improper purpose, though he fails to identify any proper

14  purpose at all. He also claims he thought the word "stay" meant only that he could

15  not take nine particular enumerated actions, and that he was free to file any other

16  documents or to take other steps to advance his claims.

17      Ewing's response also makes two veiled accusations against Taylor. First,

18  he argues that Taylor ought to have been sanctioned for violating the stay,[2] which

19  is inaccurate. Taylor's supposed transgression was his filing of a request to appear

20  telephonically at a conference, filed before the Court stayed the case.  Second,

21

22

23  [1] Under Civil Local Rule 7.1(c), hearing dates for noticed motions are given by
   chambers staff. Non-noticed or *ex parte* motions are subject to Civil Local Rule
24  83.3(g) as well as the Court's own standing order, ¶ 5.
25  [2] Ewing's response disingenuously conflates the automatic stay in bankruptcy with
   the Court's order staying this case. This Court's stay order explained that it was
26  exercising its own inherent power to manage its docket, including the power to stay
   proceedings.  (*See* Docket no. 51 at 1:22–26.) The Court stayed the entire case,
27  even though although only some of the claims were subject to the automatic
28  bankruptcy stay. (*See id.* (citing Docket no 22).)

18CV2845-LAB (JLB)

Ewing argues that because Taylor has not complained about the request, the request must have been harmless and was not sanctionable. This inaccurately implies that the Court cannot *sua sponte* sanction violations of its own orders or control its own docket.

But more seriously, Ewing only compounds his violation of the Court's order, by implying that Taylor ought to have sent the Court a letter complaining about the request for notice:

> Importantly, Mr. Taylor has not complained of any aspect of the request for judicial notice. For example, Mr. Taylor has not written a letter to the Court indicating that he felt harassed or that it cost him money or an unnecessary delay. [*sic*]

Response at 3:12–16. In response to this goading, Taylor has now submitted a response to Ewing in an effort to vindicate himself and point out Ewing's inaccuracies. The Court has accepted this reply by discrepancy order.[3]

Although he is proceeding *pro se*, Ewing is not the typical *pro se* litigant. He is a law school graduate, well acquainted with the law, and a frequent plaintiff in this Court.[4] He is well acquainted with the rules he violated on this occasion, having previously been ordered to read them and obey them. He has been repeatedly admonished and rebuked by different judges. His improper and abusive filings have been repeatedly stricken, in part or in whole.[5] He has had his electronic

---

[3] It was not fully clear whether Taylor intended his response to be filed in the docket. But to avoid receiving *ex parte* communication, the Court has accepted it as a response so that it can be filed in the docket. Nevertheless, it is clear that Taylor did not intend to violate the Court's stay or any rules by sending this response. He makes clear he is not asking the Court to take any action.

[4] *See Ewing v. GoNow Travel Club*, 2019 WL 4688760, at *1 and *3 n.2 (S.D.Cal., Sept. 26, 2019) (taking Ewing's pro se status into account, but holding that it did not excuse rules violations).

[5] *See Stark v. Stall*, 2019 WL 3718878, at *4 (S.D. Cal., Aug. 7, 2019) (noting that Ewing had been previously reminded of civility requirements, and striking his

18CV2845-LAB (JLB)

1    filing privileges revoked to prevent further abuse,[6] and has been forbidden to block

2    opposing counsel's emails.[7] He has been rebuked for disobeying Court orders,

3    violating civility requirements by harassing and baselessly insulting his

4    opponents,[8] attempting to mislead the Court,[9] and engaging in misrepresentations

5    calculated to push non-lawyers into agreeing to a quick settlement.[10] In case

6    18cv1455, *Ewing v. Oasis Media*, he was ordered to appear personally and show

7    cause why he should not be sanctioned or held in contempt.[11] On the strength of

8    his counsel's representations and Ewing's own promises to refrain from

9    misbehavior, the Court did not impose monetary sanctions or hold him in criminal

10   contempt, though it did impose filing requirements for 36 months.[12]

11        On the basis of the record, including Ewing's Response, it is clear to the

12   Court that he knowingly and willfully violated the Court's order staying the case,

13   and acted in bad faith. The Response's disingenuous excuses and baseless

14   accusations only confirm this. The Court also finds that he filed his request for

15   judicial notice for an improper purpose, namely to harass or embarrass Taylor

16   (whom he knew to be unrepresented in this case, and in the midst of bankruptcy),

17   to impose burdens on him, and/or to gain an unfair advantage in this case. Violating

18   the Court's stay caused disruption within the docket and has wasted judicial

19

20

21   "impertinent and scandalous" accusations against opposing counsel).

22   [6] *See* Docket no. 86 in case 17cv2507-LAB (MDD), *Ewing v. Empire Capital
     Funding Group*; and Docket no. 155 in case 16cv678-LAB (AGS), *Ewing v. K2*

23   *Property Development.*

24   [7] *See GoNow*, 2019 WL 4688760, at *2.

     [8] *See id. at *2–3*; *Ewing v. 8 Figure Dream Lifecycle, LLC*, 2019 WL 1429589, at

25   *10 (S.D. Cal., Mar. 29, 2019).

     [9] *See GoNow*, 2019 WL 4688760, at *4.

26   [10] *See* Docket no. 82 in case 18cv1455-LAB (MSB), *Ewing v. Oasis Media.*

27   [11] *See id.*, Docket numbers 55, 80, and 82.

     [12] *See id.*, Docket no. 82 (ordering Ewing for 36 months to file a copy of the

28   Court's order along with any new *pro se* pleading he filed).

1   resources at a time when demands on the Court are unusually high. The Court

2   finds he violated Rule 11(b), and is subject to sanctions. *See Warren v. Guelker*,

3   29 F.3d 1386, 1390 (9th Cir. 1994) (pro se litigants are subject to sanctions for Rule

4   11 violations). The Court also finds that he intentionally violated the Court's own

5   order staying the case. The Court can impose sanctions for this violation either

6   under Civil Local Rule 83.1, or as an exercise of the Court's inherent authority. *See*

7   *Fink v. Gomez*, 239 F.3d 989 (9th Cir. 2001).

8       Ewing has been ordered to pay monetary sanctions by this Court before. In

9   *Ewing v. K2 Prop. Dev., LLC*, 2018 WL 4846649, at *3 (S.D. Cal., Oct. 4, 2018),

10  the Court overruled Ewing's objections to Magistrate Judge Clinton Averitte's order

11  awarding $2,214 in costs and attorney's fees under Fed. R. Civ. P. 37 for filing

12  improper *ex parte* motions for protective orders, which included baseless

13  accusations against defense counsel and her staff.

14      In *GoNow*, District Judge Cynthia Bashant imposed monetary sanctions on

15  Ewing, ordering him to pay $500 for incivility, disobedience to the Court's orders,

16  and other violations. *See* 2019 WL 4688760, at *4. Judge Bashant found he had

17  acted in bad faith, knowing that that what he was doing was wrong. *Id.* He paid

18  that sanction the same day it was imposed. Unfortunately, it was not enough to get

19  Ewing's attention or persuade him to obey rules or the Court's orders. The Court

20  therefore determines that $1,000 is an appropriate sanction. The Court finds this

21  amount appropriate under Rule 11, as a sanction for violating civil Local Rule 83.1,

22  as an exercise of the Court's inherent authority, or under a combination of these.

23      The Court **ORDERS** Ewing to pay $1,000 as a sanction. If Ewing believes

24  these sanctions would cause him unjust financial hardship, he may file a notice

25  submitting to a debtor's exam to be conducted by Magistrate Judge Jill Burkhardt

26  or any other magistrate judge assigned to the case. *See Ewing v. K2,* 2018 WL

27  4846649 at *3. If he files such a notice, the Court will set conditions of the

28  examination which will be similar to those set in *K2* and *GoNow*, but which may be

18CV2845-LAB (JLB)

1  adjusted in light of limitations required by the COVID-19 pandemic. But otherwise,

2  he must make payment by mail within **21 days of the date this order is issued**.

3        This order is intended to enforce the Court's own order staying the case, as

4  well as to persuade Ewing to obey the Federal Rules of Civil Procedure, Civil Local

5  Rules, and the Court's standing order going forward. It is not a sanction for violation

6  of the bankruptcy stay, and does not prevent the bankruptcy court from imposing

7  sanctions nor does it prevent Taylor, the trustee, or anyone else from seeking

8  sanctions against Ewing for violation of that stay.

9

10        **IT IS SO ORDERED**.

11  Dated:  April 27, 2020

12

13          Hon. Larry Alan Burns
        Chief United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6